[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this case the plaintiff is appealing from a decision of the Freedom of Information Commission (FOIC) not to schedule a hearing on his Freedom of Information Act (FOIA) complaint in contested case docket numbers FIC 1996-463 and FIC 1997-128. The FOIC moves to dismiss the complaint as it relates to FIC No. 1997-128 on the grounds of subject matter jurisdiction.
The FOIC at its October 8, 1997 Regular Meeting voted pursuant to General Statutes § 1-21i (b)(2)(B) and (C) not to schedule a hearing on the grounds that there was reason to believe that such appeals would perpetuate an injustice or would constitute an abuse of the commission's administrative process.
The plaintiff as a party aggrieved by the decision is authorized under § 1-21i (b)(2) to "apply to the Superior Court . . . within fifteen days of the commission meeting at which such leave was denied, for an order requiring the commission to hear such appeal."
The plaintiff filed this appeal on November 7, 1997, under authority of §§ 1-21 (i)(b)(2), 1-21i (d) and § 4-183 of the Uniform Administrative Procedure Act (UAPA) §§ 4-166, et seq.
The motion to dismiss claims that the failure to file this appeal within the fifteen day parameter of § 1-21i
(b)(2) is fatal jurisdictionally.
Plaintiff makes essentially two arguments: (1) the fifteen day period is not mandatory, and/or (2) the date of notice of dismissal of his complaint should trigger the fifteen day filing period.
The plaintiff's appeal is brought pursuant to §§ 1-21
(b)(2), 1-21i (d) and 4-183. The appeal does not however specifically seek an order of remand for a hearing under § 1-21i
(b)(2); however, it alleges only that gender bias was the basis for the FOIC decision not to afford him a hearing.
Pursuant to § 4-183 (i): an administrative appeal "shall be confined to the record." Exceptions are made as to evidence of "irregularlties of procedure" and "facts necessary to establish aggrievement." CT Page 4559
The plaintiff's sole claim of gender bias does not appear to be one of aggrievement or procedural irregularities. It will require a record relating to evidence of gender alluded to in plaintiff's complaint. Where the FOIC has declined to hold a hearing pursuant to § 1-21i (b)(2), the opportunity to bring to court the denial of the FOIC hearing is established by § 1-21 (b)(2). Thus, it is the type of time limitation" `contained within a statute that creates a right of action that did not exist at common law . . . the time limitation is a substantive and jurisdictional prerequisite which may be raised at any time, even by the court sua sponte, and may not be waived. (Citations omitted.)' Eiker v. West Hartford,205 Conn. 219, 232 (1987)." Federal Deposit Insurance Corp. v.Hillcrest Associates, 233 Conn. 153, 171 (1995). The court finds that the fifteen day time limitation of § 1-21i (b)(2) is mandatory and implicates this court's subject matter jurisdiction.
The time limit by statute specifically runs from the date of the "commission meeting at which such leave was denied. . . ." Section 1-21i (b)(2). Plaintiff was advised of the October 8, 1997 hearing,[1] at which the commission would consider whether or not to grant leave to schedule a hearing. Thus, it is not a violation of plaintiff's rights to allow the hearing date to trigger the running of the period of limitations.
Plaintiff has not preserved a record or taken advantage of the opportunity to have the court order a hearing which would create a record on the plaintiff's claim of gender bias.
Plaintiff's appeal from the FOIC decision in Docket No. FIC 1997-128 is dismissed.
McWEENY, J.